UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GUILLERMO CHAVARRIA CASTELLANOS | CIVIL ACTION |
| VERSUS | NO. 24-136 |
| AMTRUST INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is plaintiff's unopposed motion to remand.[1] For the following reasons, the Court grants the motion.

### I. BACKGROUND

This case arises out of a car accident that occurred in New Orleans, Louisiana, on September 17, 2023. Plaintiff Guillermo Castellanos alleges that defendant Pinnacle Security, Inc.'s ("Pinnacle") vehicle, operated by Daron Wilson, struck him while he was passing through a crosswalk.[2] Castellanos filed a petition in state court seeking to recover past, present, and future physical and mental pain and suffering, mental anguish, lost wages,

---

[1]     R. Doc. 5.
[2]     R. Doc. 1-2 ¶ 4.

1

loss of future earning capacity, medical expenses, and loss of enjoyment.[3] Defendant Wesco Insurance Company ("Wesco") removed the action in January 2024, alleging diversity jurisdiction.[4]

Castellanos moves to remand on the grounds that there is not complete diversity among the parties.[5] Castellanos does not contest that the amount in controversy meets the jurisdictional threshold or that removal was timely. Wesco now agrees that the Court lacks subject matter jurisdiction over the case.[6]

The Court considers the motion below.

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition

---

3 *Id.* ¶ 9.
4 R. Doc. 1.
5 R. Doc. 5.
6 R. Doc. 6.

that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Therefore, when a non-diverse party is properly joined as a defendant, removal based on diversity jurisdiction is improper.

### III.  DISCUSSION

An individual's citizenship is determined by his or her domicile. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th

Cir. 2007). As the party invoking federal jurisdiction, it is Wesco's burden to show that the parties are completely diverse. *Id.* at 798; *see Williams v. Parker*, 843 F.3d 617, 621 (5th Cir. 2016) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998))).

Here, Castellanos' petition alleges that he is a citizen of Louisiana, and that two defendants, Pinnacle and Wilson, are also citizens of Louisiana.[7] In the notice of removal, Wesco acknowledges that Pinnacle and Wilson are citizens of Louisiana, but contends that removal was proper because neither party had been served at the time of removal.[8] But the citizenship of a nondiverse party cannot be ignored due to lack of service. *In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022) ("Complete diversity is still required even if one or more defendants have not been served; citizenship is what counts."). When one or more named defendants is not completely diverse from one or more plaintiffs, the action is not removable, regardless of service. *Id.* at 248 ("A defendant's 'non-diverse citizenship cannot be ignored simply because he was an unserved defendant.'" (quoting *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998))).

---

7     R. Doc. 1-2 ¶ 1.
8     R. Doc. 1 ¶¶ 19-24.

Accordingly, Wesco has not met its burden to show by a preponderance of the evidence that there is complete diversity among the parties. The Court finds that the parties are not completely diverse, and remand is required.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand. This case is REMANDED to the Civil District Court for the Parish of Orleans in the State of Louisiana.

New Orleans, Louisiana, this __13th__ day of March, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE